STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND (State Bar No. 083013)
MARCOS D. SASSO (State Bar No. 228905)
A.R. KACHADOORIAN (State Bar No. 240601)
2029 Century Park East, 16th Floor
Los Angeles, California 90067-3086
Telephone: 310-556-5800
Facsimile: 310-556-5959

Attorneys for Defendant
CITIGROUP INC., CITIBANK, N.A., as successor in interest to CITIBANK (SOUTH DAKOTA), N.A., CITICORP CREDIT SERVICES, INC. (USA) and CITICORP

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ANDREW GUERRERO, M.D., <br><br> Plaintiff, <br><br> vs. <br><br> EQUIFAX CREDIT INFORMATION SERVICES, INC.; CITIGROUP, CITIBANK (SOUTH DAKOTA), N.A., CITIBANK SERVICES, INC., CITICORP, CITIBANK USA, NORTH DAKOTA BANKERS ASSOCIATION, and DOES 1 to 25, <br><br> Defendants. | **Case No. CV 11-6555 PSG (PLAx)** <br><br> Assigned to the Hon. Philip S. Gutierrez, Courtroom 880 <br><br> **ANSWER OF DEFENDANT CITIBANK, N.A., SUCCESSOR IN INTEREST TO CITIBANK (SOUTH DAKOTA), N.A. TO COMPLAINT** <br><br> Complaint Filed: June 15, 2011 |

LA 51451343

1    Pursuant to Federal Rule of Civil Procedure 8, defendants Citibank, N.A.,
2  successor in interest to Citibank (South Dakota), N.A. ("Citibank"), Citigroup Inc.
3  ("Citigroup"), Citicorp ("Citicorp") and Citicorp Credit Services, Inc. (USA) ("CCSI
4  (USA)") (collectively, the "Citi Defendants"), by and through their counsel, answer
5  the Complaint ("Complaint") filed by plaintiff David Andrew Guerrero ("Plaintiff"),
6  as follows:

7    1.   Answering Paragraph 1 of the Complaint, the Citi Defendants state, on
8  information and belief, that Plaintiff is a California resident. Except as expressly
9  stated, the Citi Defendants lack sufficient knowledge or information to form a belief
10 as to the truth of the allegations contained in Paragraph 1 and, on that basis, deny the
11 allegations set forth therein.

12   2.   Answering Paragraph 2 of the Complaint, the Citi Defendants are
13 informed and believe, and on that basis state, that Plaintiff substituted defendant
14 Equifax Inc. ("Equifax") for Equifax Credit Information Services, Inc., the defendant
15 originally named in the Complaint. The Citi Defendants state that Equifax is a
16 consumer reporting agency, but lack sufficient knowledge or information to form a
17 belief as to the truth of the remaining allegations contained in Paragraph 2 and, on
18 that basis, deny the remaining allegations set forth therein.

19   3.   Answering Paragraph 3 of the Complaint, the Citi Defendants state that
20 Citibank, N.A. is the issuer of the Citibank credit card account at issue in this matter
21 (the "Account") and identified in Paragraph 16 of the Complaint. Prior to July 1,
22 2011, Citibank (South Dakota), N.A. was the issuer of the Account. However,
23 effective July 1, 2011, Citibank (South Dakota), N.A. merged into Citibank, N.A.,
24 making Citibank, N.A. the issuer of the Account. Citibank, N.A. is a national
25 banking association organized and existing under federal law with its principal
26 location in South Dakota. Citibank, N.A. is a wholly-owned subsidiary of Citicorp,
27 which in turn is a wholly-owned subsidiary of Citigroup Inc. Neither Citigroup Inc.
28 nor Citicorp issue credit cards. The Citi Defendants further state that Citicorp Credit

LA 51451343

1  Services, Inc. (USA) is a subsidiary of Citibank, N.A., and Citibank USA, National
2  Association previously merged into Citibank (South Dakota), N.A.  The Citi
3  Defendants state that "Citibank Services, Inc." is not an entity recognized by the Citi
4  Defendants.  Except as stated herein, the Citi Defendants deny the allegations
5  contained in Paragraph 3.
6      4.   Answering Paragraph 4 of the Complaint, the Citi Defendants state that,
7  upon information and belief, that defendant North Dakota Bankers Association
8  ("NDBA") is a professional trade association based in North Dakota.  Except as
9  stated herein, the Citi Defendants lack sufficient knowledge or information to form a
10 belief as to the truth of the remaining allegations contained in Paragraph 4 and, on
11 that basis, deny the remaining allegations set forth therein.
12     5.   Answering Paragraphs 5 through 15 of the Complaint, the Citi
13 Defendants lack sufficient knowledge or information to form a belief as to the truth
14 of the allegations contained therein and, on that basis, deny the allegations.
15     6.   Answering Paragraph 16 of the Complaint, Citibank and CCSI (USA)
16 deny the allegations contained therein.  Citigroup and Citicorp lack sufficient
17 knowledge or information to form a belief as to the truth of the allegations contained
18 therein and, on that basis, deny the allegations.
19     7.   Answering Paragraph 17 of the Complaint, Citibank and CCSI (USA)
20 state that the transaction detail for the May 27, 2009 periodic billing statement for the
21 Account reflects that the minimum payment was not received by the prior due date
22 for the Account, and that Citibank assessed a late fee of $39 and the annual
23 percentage rates ("APR") for the Account were increased to 25.99%, including on a
24 promotional balance that previously had an APR of 4.99%.  Citigroup and Citicorp
25 lack sufficient knowledge or information to form a belief as to the truth of the
26 allegations contained in Paragraph 17 and, on that basis, deny the allegations.
27 Except as stated herein, the Citi Defendants deny the remaining allegations contained
28 in Paragraph 17.

LA 51451343

8. Answering Paragraph 18 of the Complaint, Citibank and CCSI (USA) state that the Account records do not reflect any communication with Plaintiff on May 22, 2009, and further state that the Account records reflect that Plaintiff contacted Citibank regarding the Account on June 1, 2009 to initiate a dispute regarding a $300 payment allegedly made by Plaintiff on the Account. Citigroup and Citicorp lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 18 and, on that basis, deny the allegations. Except as stated herein, the Citi Defendants deny the remaining allegations contained in Paragraph 18.

9. Answering Paragraph 19 of the Complaint, Citibank and CCSI (USA) state that on or about June 1, 2009, Citibank sent Plaintiff a letter requesting proof of the alleged $300 payment. Citigroup and Citicorp lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 19 and, on that basis, deny the allegations. Except as stated herein, the Citi Defendants deny the remaining allegations contained in Paragraph 19.

10. Answering Paragraph 20 of the Complaint, Citibank and CCSI (USA) state that, on or about June 22, 2009, Citibank received a letter from Plaintiff. Citigroup and Citicorp lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 20 and, on that basis, deny the allegations. Except as stated herein, the Citi Defendants deny the remaining allegations contained in Paragraph 20.

11. Answering Paragraph 21 of the Complaint, the Citi Defendants state that, at this time, the Citi Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations.

12. Answering Paragraph 22 of the Complaint, the Citi Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations.

LA 51451343

13. Answering Paragraph 23 of the Complaint, the Citi Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations.

14. Answering Paragraph 24 of the Complaint, the Citi Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations.

15. Answering Paragraph 25 of the Complaint, Citibank and CCSI (USA) state that Citibank sent Plaintiff a letter dated June 26, 2009, requesting additional information regarding Plaintiff' dispute pertaining to the alleged $300 payment made on the Account. Citigroup and Citicorp lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 25 and, on that basis, deny the allegations. Except as stated herein, the Citi Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations.

16. Answering Paragraph 26 of the Complaint, Citibank and CCSI (USA) deny the allegations. Citigroup and Citicorp lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 26 and, on that basis, deny the allegations. .

17. Answering Paragraphs 27 through 31 of the Complaint, the Citi Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations.

18. Answering Paragraph 32 of the Complaint, Citibank and CCSI (USA) state that Citibank sent Plaintiff a letter dated August 18, 2009 requesting additional information regarding Plaintiff's dispute pertaining to the alleged $300 payment made on the Account. Except as stated herein, the Citi Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations.

LA 51451343

19. Answering Paragraphs 33 through 35 of the Complaint, the Citi Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations.

20. Answering Paragraph 36 of the Complaint, the Citi Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations. The Citi Defendants also specifically deny the allegations to the extent they purport to imply or suggest any improper conduct by the Citi Defendants or that the Citi Defendants are liable to Plaintiff in any regard.

21. Answering Paragraph 37 of the Complaint, the Citi Defendants incorporate their responses to Paragraphs 1-34 as if fully set forth herein.

22. Answering Paragraph 38 of the Complaint, the Citi Defendants that it contains legal conclusions to which no reply is required; to the extent a reply is required, the Citi Defendants deny the allegations contained therein.

23. Answering Paragraphs 39 through 41 of the Complaint, the Citi Defendants deny Plaintiff's allegations as directed to any purported conduct by the Citi Defendants.

24. Answering Paragraph 42 of the Complaint, the Citi Defendants that it contains legal conclusions to which no reply is required; to the extent a reply is required, the Citi Defendants deny Plaintiff's allegations as directed to any purported conduct by the Citi Defendants.

25. Answering Paragraph 43 of the Complaint, the Citi Defendants deny Plaintiff's allegations as directed to any purported conduct by the Citi Defendants.

26. Answering Paragraph 44 of the Complaint, the Citi Defendants that it contains legal conclusions to which no reply is required; to the extent a reply is required, the Citi Defendants deny Plaintiff's allegations as directed to any purported conduct by the Citi Defendants.

LA 51451343

27. Answering Paragraph 45 of the Complaint, the Citi Defendants deny Plaintiff's allegations as directed to any purported conduct by the Citi Defendants.

28. Answering Paragraph 46 of the Complaint, the Citi Defendants incorporate their responses to Paragraphs 1-45 as if fully set forth herein.

29. Answering Paragraphs 47 through 49 of the Complaint, the Citi Defendants deny Plaintiff's allegations as directed to any purported conduct by the Citi Defendants.

30. Answering Paragraph 50 of the Complaint, the Citi Defendants that it contains legal conclusions to which no reply is required; to the extent a reply is required, the Citi Defendants deny Plaintiff's allegations as directed to any purported conduct by the Citi Defendants.

31. Answering Paragraph 51 of the Complaint, the Citi Defendants deny Plaintiff's allegations as directed to any purported conduct by the Citi Defendants.

32. Answering Paragraph 52 of the Complaint, the Citi Defendants that it contains legal conclusions to which no reply is required; to the extent a reply is required, the Citi Defendants deny Plaintiff's allegations as directed to any purported conduct by the Citi Defendants.

33. Answering Paragraph 53 of the Complaint, the Citi Defendants deny Plaintiff's allegations as directed to any purported conduct by the Citi Defendants.

34. Answering Paragraph 54 of the Complaint, the Citi Defendants incorporate their responses to Paragraphs 1-53 as if fully set forth herein.

35. Answering Paragraphs 55 through 57 of the Complaint, the Citi Defendants deny Plaintiff's allegations as directed to any purported conduct by the Citi Defendants.

36. Answering Paragraph 58 of the Complaint, the Citi Defendants that it contains legal conclusions to which no reply is required; to the extent a reply is required, the Citi Defendants deny Plaintiff's allegations as directed to any purported conduct by the Citi Defendants.

LA 51451343

37. Answering Paragraph 59 of the Complaint, the Citi Defendants deny Plaintiff's allegations as directed to any purported conduct by the Citi Defendants.

38. Answering Paragraph 60 of the Complaint, the Citi Defendants that it contains legal conclusions to which no reply is required; to the extent a reply is required, the Citi Defendants deny Plaintiff's allegations as directed to any purported conduct by the Citi Defendants.

39. Answering Paragraph 61 of the Complaint, the Citi Defendants deny Plaintiff's allegations as directed to any purported conduct by the Citi Defendants.

40. Answering Paragraph 62 of the Complaint, the Citi Defendants incorporate their responses to Paragraphs 1-60 as if fully set forth herein.

41. Answering Paragraphs 63 through 68 of the Complaint, the Citi Defendants deny Plaintiff's allegations as directed to any purported conduct by the Citi Defendants.

42. Answering Paragraph 69 of the Complaint, the Citi Defendants incorporate their responses to Paragraphs 1-68 as if fully set forth herein.

43. Answering Paragraph 70 of the Complaint, the Citi Defendants deny Plaintiff's allegations as directed to any purported conduct by the Citi Defendants.

44. Answering Paragraph 71 of the Complaint, the Citi Defendants that it contains legal conclusions to which no reply is required; to the extent a reply is required, the Citi Defendants deny Plaintiff's allegations as directed to any purported conduct by the Citi Defendants.

45. Answering Paragraphs 72 through 75 of the Complaint, the Citi Defendants deny Plaintiff's allegations as directed to any purported conduct by the Citi Defendants.

46. Answering Paragraph 76 of the Complaint, the Citi Defendants that it contains legal conclusions to which no reply is required; to the extent a reply is required, the Citi Defendants deny Plaintiff's allegations as directed to any purported conduct by the Citi Defendants.

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

LA 51451343

47. Answering Paragraph 77 of the Complaint, the Citi Defendants incorporate their responses to Paragraphs 1-76 as if fully set forth herein.

48. Answering Paragraphs 78 through 81 of the Complaint, the Citi Defendants deny Plaintiff's allegations as directed to any purported conduct by the Citi Defendants.

49. Answering Paragraph 82 of the Complaint, the Citi Defendants that it contains legal conclusions to which no reply is required; to the extent a reply is required, the Citi Defendants deny Plaintiff's allegations as directed to any purported conduct by the Citi Defendants.

50. Answering Paragraphs 83 through 88 of the Complaint, the Citi Defendants deny Plaintiff's allegations as directed to any purported conduct by the Citi Defendants.

51. Answering the prayer for relief (at pp. 31-32 of the Complaint), the Citi Defendants deny that Plaintiff is entitled to any relief whatsoever as against the Citi Defendants, including but not limited to, actual, statutory, compensatory, exemplary or punitive damages or any other damages, attorneys' fees and/or costs.

## AFFIRMATIVE DEFENSES

The Citi Defendants assert the following affirmative defenses to the Complaint and each claim set forth therein:

### FIRST AFFIRMATIVE DEFENSE
### FAILURE TO STATE A CLAIM

1. The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
### AGREEMENT TO ARBITRATE

2. The Complaint, and each claim set forth therein, is barred, in whole or in part, on the grounds that the credit card agreement governing the Citibank credit card account allegedly at issue (i.e., the Account) contains a valid and binding

LA 51451343

arbitration provision that authorizes either Plaintiff or Citibank (or its affiliates) to elect arbitration of any claims pertaining to the Account.

### THIRD AFFIRMATIVE DEFENSE
### FAILURE TO MITIGATE

3. Although the Citi Defendants deny that Plaintiff has suffered any harm as alleged in the Complaint, to the extent that Plaintiff has suffered harm, he has failed to mitigate that harm.

### FOURTH AFFIRMATIVE DEFENSE
### COMPARATIVE NEGLIGENCE

4. The Citi Defendants deny any legal responsibility for Plaintiff's alleged damages; however, to the extent that the Citi Defendants are found to be legally responsible, Citibank's legal responsibility is not the sole and proximate cause of Plaintiff's alleged injuries, and any damages awarded to Plaintiff are to be apportioned in accordance with the fault and legal responsibility, if any, of all parties, persons and entities who contributed to and/or caused said damages.

### FIFTH AFFIRMATIVE DEFENSE
### CONTRIBUTORY NEGLIGENCE

5. Plaintiff failed to exercise reasonable and ordinary care, caution or prudence in order to avoid incurring the damages sought by the Complaint; thus, the damages, if any, sustained by Plaintiff were proximately caused and contributed to by the negligence of Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE
### INDEPENDENT/INTERVENING CONDUCT

6. Any damage sustained by Plaintiff was the direct and proximate result of the independent, intervening, negligent and unlawful conduct of independent third parties or their agents, and not any act or omission on the part of the Citi Defendants.

LA 51451343

## SEVENTH AFFIRMATIVE DEFENSE

### UNCLEAN HANDS

7.  Plaintiff may obtain no relief under the Complaint by reason of the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

### LACHES

8.  Plaintiff unreasonably has delayed taking action in connection with the alleged claims, causing substantial prejudice to Citibank, and such claims therefore are barred pursuant to the doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE

### WAIVER

9.  The Complaint, and each claim set forth therein, is barred, in whole or in part, by the conduct, actions and inactions of Plaintiff which amount to and constitute a waiver of any right or rights that Plaintiff might have in relation to the matters alleged therein.

## TENTH AFFIRMATIVE DEFENSE

### ESTOPPEL

10.  The Complaint, and each claim set forth therein, is barred, in whole or in part, by the conduct, actions and inactions of Plaintiff which amount to and constitute an estoppel of the claims and any relief sought thereby.

## ELEVENTH AFFIRMATIVE DEFENSE

### PUNITIVE DAMAGES IMPROPER

11.  The Complaint, and each and every cause of action therein, fails to state facts sufficient to constitute a claim for punitive damages against the Citi Defendants.

LA 51451343

## TWELFTH AFFIRMATIVE DEFENSE
### STATUTE OF LIMITATIONS

12. The claims of Plaintiff may be barred in whole or in part by the applicable statute of limitations, including, but not limited to, 15 U.S.C. § 1681p, Cal. Civ. Code § 1785.33, and Cal. Civ. Proc. Code §§ 335.1, 338, and 340(c).

## THIRTEENTH AFFIRMATIVE DEFENSE
### FEDERAL PREEMPTION

13. Plaintiff's state law claims for negligence and defamation are barred under the doctrine of federal preemption, including by, but not limited to, the Federal Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.

## FOURTEENTH AFFIRMATIVE DEFENSE
### RESERVATION OF RIGHTS

14. Citibank reserves the right to assert such other and further affirmative defenses as may be appropriate.

WHEREFORE, the Citi Defendants pray for relief as follows:

1. That Plaintiff take nothing by this action;

2. That judgment be entered against Plaintiff and in favor of the Citi Defendants;

3. That the Citi Defendants be awarded their costs incurred in this action, including, where applicable under the law, their reasonable attorneys' fees; and

///
///
///

-11-

LA 51451343

1     4.    That this Court grant such other relief as the Court deems just and proper.

Dated: August 17, 2011

STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND
MARCOS D. SASSO
A.R. KACHADOORIAN

By:     */s/ Marcos D. Sasso*
        Marcos D. Sasso

Attorneys for Defendants
  CITIBANK, N.A., successor in interest to CITIBANK (SOUTH DAKOTA), N.A., CITIGROUP INC., CITICORP and CITICORP CREDIT SERVICES, INC. (USA)

LA 51451343

# PROOF OF SERVICE

STATE OF CALIFORNIA    )
                       ) ss
COUNTY OF LOS ANGELES  )

I am employed in the County of Los Angeles, State of California, over the age of eighteen years, and not a party to the within action. My business address is: 2029 Century Park East, Suite 1800, Los Angeles, California 90067-3086.

On August 17, 2011, I served the foregoing document(s) described as: **ANSWER OF DEFENDANT CITIBANK, N.A., SUCCESSOR IN INTEREST TO CITIBANK (SOUTH DAKOTA), N.A. TO COMPLAINT** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

> David A. Guerrero, M.D.
> 9422 Stoakes Avenue
> Downey, CA 90240

☐ **(VIA PERSONAL SERVICE)** By personally delivering the document(s) listed above to the person(s) at the address(es) set forth above.

☐ **(VIA U.S. MAIL)** In accordance with the regular mailing collection and processing practices of this office, with which I am readily familiar, by means of which mail is deposited with the United States Postal Service at Los Angeles, California that same day in the ordinary course of business, I deposited such sealed envelope, with postage thereon fully prepaid, for collection and mailing on this same date following ordinary business practices, addressed as set forth below.

☐ **(VIA FACSIMILE)** By causing such document to be delivered to the office of the addressee via facsimile.

☒ **(VIA OVERNIGHT DELIVERY)** By causing such envelope to be delivered to the office of the addressee(s) at the address(es) set forth above by overnight delivery via Federal Express or by a similar overnight delivery service.

I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 17 2011, at Los Angeles, California.

Lori A. Reed                            // Lori A. Reed
[Type or Print Name]                    [Signature]

-13-

LA 51451343